IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:11cv566-GCM[1]
(3:09cr79-2)

| | |
|---|---|
| SHARU BEY, *a.k.a.* JEFFREY LEWIS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ORDER ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) ) |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted on December 18, 2007, of conspiracy to possess with intent to distribute at least 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One), possession with intent to distribute at least 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(B) and 18 U.S.C. § 2 (Count Two), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000) (Count Three), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four).  (Case No. 3:07cr79-2, Doc. 130: Third Superseding Indictment.)  On February 20, 2008, the government filed a revised notice of intent to seek enhanced penalties pursuant to 21 U.S.C. §§ 841 and 851.  (Id., Doc. 161.)

---

[1] This case has been reassigned to the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney currently is out of the district for an extended period.  See 3:11mc67-W, Doc. 1.

On March 11, 2008, a jury returned verdicts finding Petitioner guilty of conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, possession with intent to distribute at least 100 kilograms of marijuana, and aiding or abetting same, and unlawful possession of a firearm by a convicted felon. (<u>Id.</u>, Doc. 194.) The jury acquitted Petitioner of Count Three, possession of a firearm in furtherance of a drug trafficking crime. (<u>Id.</u>)

Prior to sentencing, a Presentence Report ("PSR") was prepared. (<u>Id.</u>, Doc. 254.) According to the PSR, the amount of marijuana reasonably foreseeable by Petitioner under the conspiracy count was in excess of 4,000 kilograms. (<u>Id.</u> at ¶ 23.) The base offense level for that quantity of drugs was 34. (Case No. 3:07cr79-2, Doc. 254 at ¶¶ 28-31.) The PSR added a two level enhancement each for possession of a firearm during the course of a drug trafficking offense and for obstruction of justice, bringing the total offense level to 38. (<u>Id.</u> at ¶¶ 32-44.) The statutory range for Counts One and Two was 120 months to life in prison and no more than 120 months for Count Four. (<u>Id.</u> at ¶ 82.) The Sentencing Guidelines range was 292 to 365 months for Counts One and Two, while the Guideline sentence for Count Four was 120 months. (<u>Id.</u> at ¶ 83.) After a two-day sentencing hearing, the Court sentenced Petitioner to 324 months imprisonment each for Counts One and Two and 120 months imprisonment for Count Four, all to run concurrently. (<u>Id.</u>, Doc. 336.)

Petitioner appealed, and appellate counsel filed a brief raising the following claims: (1) the use of the terms "distribution" and "possession" relating to Counts One and Two on the verdict form constructively amended the indictment and created a fatal variance; (2) the District Court committed reversible error in sentencing Petitioner based upon a drug quantity that was not found by the jury as required by <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and/or <u>United States v. Collins</u>, 415 F.3d 304 (4th Cir. 2005); and (3) that the District Court erred in applying

2

Case 3:11-cv-00566-GCM   Document 2   Filed 11/30/11   Page 2 of 13

certain firearm-related sentencing enhancements.  Brief of Appellant, United States v. Bey, 414 F. App'x 570 (4th Cir. 2011) (No. 10-4082) 2010 WL 1922788.  Additionally, Petitioner filed two supplemental *pro se* briefs.  Petitioner raised a number of arguments, but those relevant here are: (1) that the drug quantity attributed to him in the PSR and used by the District Court at sentencing was not found by the jury as required under Apprendi; (2) that the District Court erred in failing to give a Pinkerton[2] instruction; (3) that the jury did not determine a drug quantity attributable to him; (4) that the government constructively amended the indictment by presenting evidence of multiple conspiracies when he was indicted for participating in only one conspiracy; (5) that by broadening the time-line of the conspiracy, the Third Superseding Indictment constructively changed Count Two, possession with the intent to distribute, into a possession and distribution charge; and (6) the evidence presented at trial was insufficient to convict him of conspiracy.  *Pro se* Supplemental Brief, Bey, 414 F. App'x 570, (No. 10-4082), ECF No. 35 at 7-13; 15-19, 20-23, 25-27.

The Fourth Circuit Court of Appeals, in an unpublished opinion, affirmed Petitioner's convictions and sentences.  United States v. Bey, 414 F. App'x 570 (4th Cir. 2011).  The court found that the District Court properly instructed the jury with respect to the elements of conspiracy and possession with intent to distribute, that the government presented evidence that supported each charge, that the verdict form questions directed jurors to the amount of marijuana involved in each offense, and that the jurors addressed those questions only after they had decided Petitioner's guilt.  Id. at 574.  The court concluded that the wording in the verdict form questions did not create a fatal variance.  Id.  Additionally, the court concluded that there was no

---

[2]Pinkerton v. United States, 328 U.S. 640 (1946).

Apprendi or Collins error. Id. at 574-75. The court found that the jurors were instructed to find the amount of marijuana involved in the conspiracy as a whole and the amount attributable to Petitioner individually and that the jury did both. Id. The court granted Petitioner's motions to file his two *pro se* supplemental briefs, considered the additional issues raised therein, and found that they were without merit. Id. at 575. Petitioner filed a petition for writ of certiorari in the Supreme Court, which was denied. Bey v. United States, No. 11-5089, 2011 WL 4534831 (U.S. Oct. 03, 2011).

Petitioner timely filed the instant Motion to Vacate on November 9, 2011. (Doc. 1.) In it, he claims that: (1) counsel was ineffective for failing to object when the District Court omitted an essential element of the conspiracy charge – drug quantity , (id. at 18-9); (2) counsel was ineffective for failing to object to the District Court's instructions on the elements of Count Two, (id. at 20-21); (3) counsel was ineffective for not objecting to verdict form questions asking the jury to consider whether Petitioner was guilty of conspiracy to possess with intent to distribute at least 100 lbs of marijuana as such questions created a fatal variance, (id. at 22); (4) counsel was ineffective for allowing Petitioner to be tried and sentenced for an offense not alleged in the indictment and for not objecting on jurisdiction grounds, (id. at 7-9); (5) appellate counsel was ineffective for failing to appeal the District Court's rejection of his Rule 29 motion, (id. at 25-26); (6) counsel was ineffective for failing to object to the District Court's miscalculation of his sentence for Count Two, (Doc. 1 at 26); (7) counsel was ineffective for failing to object to the District Court giving a Pinkerton instruction with respect to Count Two, instead of Count One, (id. at 27-28); (8) appellate counsel was ineffective for conceding that the District Court had properly instructed the jury and for failing to raise all of the previously delineated issues on appeal, (id. at 29-31); and appellate counsel was ineffective for failing to file a Rule 28(j) motion

under the Federal Rules of Appellate Procedure based upon the Supreme Court's decision in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. C.t. 2577 (2010), (id. at 31-33).

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Non-jurisdictional, non-constitutional errors may be remedied through § 2255 only if the claimed error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure," and the error "present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Hill v. United States, 368 U.S. 424, 428 (1962).

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings for the United States District Court, Rule 4(b). For the reasons stated herein, Petitioner's motion shall be dismissed.

## III. APPLICABLE LAW

To establish ineffective assistance of counsel, a person challenging his conviction or sentence must show both that counsel's performance was deficient and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000) (applying Strickland principles to claims of ineffective assistance of counsel at

sentencing). To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In other words, he must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. To establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. It is not enough, however, "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

**IV.    DISCUSSION**

    **A.    Constructive Amendment, Pinkerton Instructions, Apprendi Error, and Fatal Variance Claims**[3]

In Claims I, II, III, IV, and VII, Petitioner seeks to relitigate issues already decided by the Fourth Circuit in his direct appeal by couching them in terms of ineffective assistance of counsel. Petitioner again asserts that the District Court constructively amended the indictment by leaving out an essential element of the conspiracy charge and giving the wrong instructions for Count Two, that the wording on the verdict form created a fatal variance in the conspiracy count, that he was convicted of a crime not alleged in the indictment, and that the trial court failed to give a Pinkerton instruction. He claims that counsel was ineffective for failing to object to all of the aforementioned alleged errors and that appellate counsel was ineffective for failing

---

[3]Petitioner did not number his claims, so for ease of reference the Court has assigned them Roman Numerals corresponding to the order in which they are raised in the Motion to Vacate.

6

to raise them on appeal.

As previously stated, the Fourth Circuit found that the jury was properly instructed on all elements of conspiracy[4] and possession with intent to distribute marijuana; the jury was instructed to find the amount of marijuana involved in the conspiracy as a whole and the amount attributable to Petitioner individually and that the jury did both; the wording in the verdict form questions did not create a fatal variance, and there was no Apprendi or Collins error. Bey, 414 F. App'x at 574-75. Those decisions constitute the law of the case, which "forecloses relitigation of issues expressly or impliedly decided by the appellate court" United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). The upshot for Petitioner is that the appellate court's findings also foreclose any argument that he was prejudiced by trial or appellate counsel's performance as alleged in Claims I, II, III, IV, and VII.. These Claims, therefore, will be denied.

B.     **Rule 29 Motion**

At the conclusion of the government's evidence, defense counsel made a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing that the evidence was insufficient to convict Petitioner of any of the charged offenses. (Doc. 1-1 at 48-49: Pet'r's Ex. 5.) The trial court denied the motion. (Id. at 50: Pet'r's Ex. 6.) Counsel renewed the Rule 29 motion after the jury had returned its verdicts. (Id. at 52-53: Pet'r's Ex. 7.) Again, the motion was denied. (Id. at 52). In Claim V of his Motion to Vacate, Petitioner contends that the trial court should have granted the initial Rule 29 motion because there was insufficient evidence

---

[4]In Claim VIII of the Motion, Petitioner claims that appellate counsel was ineffective for conceding that the trial court correctly instructed the jury on the charges. (Doc. 1 at 29-31.) He agues, incorrectly, that the Fourth Circuit relied on that concession to find that the trial court properly instructed the jury. (Id.) Although the appellate court acknowledged the concession, Bey, 414 F. App'x at 474, a complete reading of the opinion shows that the court's findings were not dependent upon it. Accordingly, this Claim will be denied.

7

for the jury to convict him of conspiracy to possess with the intent to distribute 1000 kilograms of marijuana. (Doc. 1 at 25.) He claims that appellate counsel was ineffective for failing to raise this issue on appeal. (Id. at 25-26.) Again, this claim is foreclosed by the law of the case doctrine.

As an initial matter, Petitioner has mischaracterized counsel's Rule 29 motion. Trial counsel argued that there was insufficient evidence to convict Petitioner of conspiracy to possess with intent to sell a controlled substance. (Doc. 1-1 at 48-49: Pet'r's Ex. 5.) He did not argue that there was insufficient evidence to convict Petitioner of conspiracy to possess with intent to distribute 1000 kilograms of marijuana. (Id. at 49 (acknowledging that drug quantity is not an essential element of conspiracy to possess with intent to distribute a controlled substance)). Additionally, on appeal, Petitioner argued that there was insufficient evidence for the jury to convict him of the conspiracy count. *Pro se* Supplemental Brief at 25-27, Bey, 414 F. App'x 570, (No. 10-4082), ECF No. 35. The Fourth Circuit found that Petitioner's argument was without merit. Bey, 414 F. App'x at 575. Finally, as previously noted, the appellate court concluded that there was no Apprendi/Collins error with respect to the jury's verdicts on drug quantity. Id. at 574-75.

As with Petitioner's previous batch of claims, these findings by the court of appeals foreclose any argument that Petitioner was prejudiced by appellate counsel's failure to challenge denial of either Rule 29 motion. See Bell, 5 F.3d at 66. Claim V of the Motion to Vacate shall be denied.

    C.    **Sentencing Miscalculation Claim**

In Claim VI of his Motion, Petitioner contends that the Court sentenced him incorrectly on Count Two and that trial counsel was ineffective for failing to object to the miscalculation.

8

He claims further that appellate counsel was ineffective for failing to raise this issue on appeal (Claim X).

The Court used the 2007 Sentencing Guidelines to sentence Petitioner. (Case No. 3:07cr79-2, Doc. 254 at ¶ 28.) Under the guidelines, when a defendant has been convicted of more than one count, the district court is required, with some exceptions not applicable here, to group closely related counts. U.S.S.G. § 3D1.1(a)(1) (2007). Counts that involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan are grouped together into a single group. Id. at § 3D1.2(b). The district court then determines the offense level applicable to each group. Id. at § 3D1.3(a).

In Petitioner's case, Counts One and Two were grouped together because they involved acts or transactions connected by a common criminal objective, scheme, or plan. (Case No. 3:07cr79-2, Doc. 254 at ¶ 29 (citing § 3D1.2(b).[5]) For counts grouped under § 3D1.2(b), the offense level for the entire group is that of the highest offense level of the counts of the group. § 3D1.3(a). In Petitioner's case, the highest offense level was 34 based upon the quantity of drugs for which he was responsible under the conspiracy. § 2D1.1(a)(3) & (c)(3). Two points were added for possession of a firearm during the offense, § 2D1.1(b)(1), and an additional two points were added for obstruction of justice, § 3C1.1. (Case 3:07cr79-2, Doc. 254 at ¶¶ 32 & 36.) The adjusted offense level of 38 applied to both Counts One and Two because they were in the same group. See § 3D1.3(a). The guideline range for offense level 38 with a level III criminal history

---

[5]"When one count charges a conspiracy . . . and the other charges a substantive offense that was the sole object of the conspiracy . . . , the counts will be grouped together[.]" U.S.S.G. § 3D1.2(b) appl. n.4 (2007).

9

was 292-365 months imprisonment. U.S.S.G. Chapter 5, Part A. The court sentenced Petitioner to 324 months each for Counts One and Two.

Petitioner's assertion that the trial court miscalculated his sentence for Count Two is simply incorrect. Consequently, he can show neither deficient performance nor prejudice under Strickland, 466 U.S. at 687. Claim VI, therefore, is denied.[6]

**D.     Simmons Claim**

Finally, Petitioner claims that appellate counsel was ineffective for failing to supplement his appellate brief with a citation to the Supreme Court's decision in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S. Ct. 2577 (2010). (Doc. 1 at 31-33.)[8] Had counsel done so, Petitioner asserts, the Fourth Circuit would have held his appeal in abeyance pending the outcome if its *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and ultimately would have concluded that none of his prior North Carolina convictions qualified as a predicate offense for enhanced sentencing under § 841(b)(1)(B) or as a qualifying felony to support his conviction under § 922(g)(1). Petitioner again cannot show that he was prejudiced by appellate counsel's alleged deficient conduct, see Strickland, 466 U.S. at 687, so this claim also must be denied.

For first-time offenders convicted of possession with intent to distribute at least 100 kilograms of marijuana, the Controlled Substances Act (CSA) mandates "a term of imprisonment" of at least five years. 21 U.S.C. § 841(b)(1)(B)(vii). But for offenders who

---

[6]Petitioner also contends that his sentence for Count Two violates United States v. Booker, 540 U.S. 220 (2005), but fails to explain why. The Court is not required to create Petitioner's claim for him.

[8]Rule 28(j) of the Federal Rules of Appellate Procedure allows a party to supplement its brief on appeal with "pertinent and significant authorities" that come to its attention after the party's brief has been filed or after oral argument but before decision.

10

engage in such conduct "after a prior conviction for a felony drug offense has become final," the CSA mandates a "term of imprisonment" of at least ten years.  Id.  A separate provision of the CSA defines a "felony drug offense" as a drug-related "offense that is punishable by imprisonment for more than one year under any law ... of a State."  Id. § 802(44).  Subsequent to filing the Third Superseding Indictment charging Petitioner with drug trafficking and firearms offenses, the government filed a Bill of Information, pursuant to 21 U.S.C. § 851, alleging that Petitioner had eight prior North Carolina convictions that qualified as predicate "felony drug" convictions triggering the ten-year statutory minimum sentence set forth in the CSA.  (Case No. 3:07cr79-2, Doc. 161.)

In Simmons, the Fourth Circuit examined the Supreme Court's ruling in Carachuri–Rosendo and concluded that, under the North Carolina Structured Sentencing Act, a defendant is convicted of a crime "punishable" by more than a year only if some offender possessing the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year.  649 F.3d at 245–48.  The court also held that federal courts must make this determination relying only on facts contained in the offender's "state record of conviction."  Id. at 252–53.

Consequently, under the Simmons holding, Petitioner's 1996 convictions for possession with intent to sell cocaine and sale of cocaine[9] were "punishable" by a maximum of twelve

---

[9]Petitioner's PSR shows that he was convicted in 1996 of five counts of possession with intent to sell cocaine, two counts of possession of cocaine, three counts of selling cocaine, and two counts of maintaining a dwelling for the sale of a controlled substance, all of which appear to have been consolidated for judgment.  (Case No. 3:07cr79-2, Doc. 254 at ¶ 54.)  However, the only judgment of conviction in the record for the 1996 convictions reflects only two counts of possession with intent to sell cocaine and two counts of possession of cocaine, which were consolidated for judgment.  (Doc. 1-1 at 66: Pet'r's Ex. 14.)  The Court, therefore, will limit its analysis of the 1996 convictions to those reflected in the judgment of conviction.

11

months imprisonment. See N.C. Gen. Stat. § 15A–1340.17(c)–(d). Both offenses were Class H felonies under North Carolina law. Id. at § 90-95. Additionally, Petitioner's judgment of conviction reveals that he possessed a "prior record level" of II and was charged with no aggravating factors. (Doc. 1-1 at 66: Pet'r's Ex. 14.) Given these facts, the North Carolina Structured Sentencing Act allowed the sentencing judge to impose a maximum possible sentence of twelve months imprisonment in each case. § 15A–1340.17(c)–(d). Accordingly, none of Petitioner's 1996 convictions qualify as a predicate permitting the application of a sentencing enhancement under § 841(b)(1)(B).

Petitioner's 1992 conviction for felony possession of cocaine, on the other hand, does qualify as a predicate offense permitting the application of sentencing enhancements. Petitioner was sentenced to two years' imprisonment for the conviction. (Doc. 1-1 at 64: Pet'r's Ex. 14.) It, therefore, meets the definition of a "felony drug offense" for enhancement purposes under § 841(b)(1)(B)(vii) and the definition of "a crime punishable by imprisonment for a term exceeding one year" for conviction purposes under § 922(g)(1). Any attempt by appellate counsel to argue otherwise would have been unsuccessful. Consequently, Petitioner cannot show that he was prejudiced by appellate counsel's alleged "failure" to file a supplement to his appellate brief citing the Supreme Court's decision in Carachuri-Rosendo. See Strickland, 466 U.S. at 687.

V.     **CONCLUSION**

Because it plainly appears from the motion that Petitioner is not entitled to relief, his § 2255 Motion shall be dismissed. Rules Governing Section 2255 Proceedings, Rule 4(b). Furthermore, in accordance with the dictates of Rule 11 of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability for any issue raised herein,

as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that**:**

1. The Clerk is directed to reassign this case to the Honorable Graham C. Mullen, Senior United States District Judge;

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** and **DENIED**; and

3. A certificate of appealability shall not issue in this case.

Signed: November 30, 2011

Graham C. Mullen
United States District Judge